UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoriano Sis-Gonzalez<br>(A-Number: A-246-057-188),<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>Warden, California City Correctional Center; Field Office Director, ICE Los Angeles Field Office; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Merrick Garland, United States Attorney General,<br><br>　　　　　Respondents. | No.  1:26-cv-02704-KES-HBK (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 2 |

Before the Court is petitioner Victoriano Sis-Gonzalez's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.*

1

Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Doc. 6 at 1. While respondents oppose the motion, they do not raise any new arguments. *See id.* at 1–3.[1] They also do not object to converting the motion. *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Victoriano Sis-Gonzalez (A-Number: A-246-057-188) immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release. Petitioner is hereby notified that this case will remain ongoing after he is released, and all further filings in this case will be mailed only to his address of record, which is currently the California City Detention Center. Following his release, petitioner must file a notice of change of address to update his address, by mailing that notice to the Clerk of Court at 2500 Tulare Street, Fresno, California 93721.

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 6 at 3. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

2

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

The Clerk of Court is directed to update petitioner's address of record to reflect that petitioner's A-number is 246-057-188.

The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 13, 2026

_____
UNITED STATES DISTRICT JUDGE

3