UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIANO SIS-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER; FIELD OFFICE DIRECTOR, ICE LOS ANGELES FIELD OFFICE; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; MERRICK GARLAND, Attorney General of the United States,<br><br>Respondents. | Case No.: 1:26-cv-02704-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 14) |

Petitioner Victoriano Sis-Gonzalez is a former immigration detainee proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 10, 2026, Petitioner filed a motion for temporary restraining order ("TRO").

Doc. 2. On April 13, 2026, the district judge converted the TRO to a motion for preliminary injunction, granted the motion for preliminary injunction and ordered respondents to release petitioner, and referred the matter to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition. Doc. 8.

On August 17, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus (Doc. 1) for the same reasons as the district court granted preliminary injunction (Doc. 8), and to convert the preliminary injunction into a permanent injunction. Doc. 14. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id*.

Respondents timely filed objections, noting that they preserve the argument that detention in this case is pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledging that *Rodriguez Vazquez v. Bostock*, 183 F. 4th 1160 (9th Cir. 2026) controls and holds that § 1226(a) governs petitioner's detention. Doc. 15.

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court ORDERS:

1. The findings and recommendations issued on August 17, 2026 (Doc. 14) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. 1) is GRANTED.
3. If the government seeks to re-detain petitioner Victoriano Sis-Gonzalez (A-Number: 246-057-188), it shall hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]

///

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to terminate any pending motions/deadlines and to CLOSE the case.

IT IS SO ORDERED.

Dated: September 6, 2026

UNITED STATES DISTRICT JUDGE